**STAFFORD, Plaintiff-Appellant, v. STAFFORD, Defendant-Appellee.**

No. 5277.   Decided March 16, 1956.

## OPINION

By GRIFFITH, J.

The plaintiff-appellant seeks a rehearing for the reasons:

1. That this Court, in citing the case of **Seitz v. Seitz, 156 Oh St 516,** in its opinion, implied that the decree in the case at bar reserved the power to modify.

2. That the opinion of the Court indicates the belief that the motion for reconsideration was sustained at the hearing on February 9, 1955, which is not the fact; that on February 9, 1955, the defendant's motion to reconsider was stricken from the files. That on February 9, 1955, the defendant made a third oral motion in open Court to again modify and reduce the order for child support. In other words, the motion made on February 9, 1955, was the third consecutive motion to reduce child support made by the same defendant for the same reasons.

3. That the opinion did not touch upon the question of the defendant's coming into Court with unclean hands.

4. That the Court injected into its opinion the matter of abuse of discretion when the question was not that of discretion at all, but the error assigned was that the Trial Court's order was contrary to law.

Taking the reasons for rehearing up in inverse order, No. 4 pertains to the last paragraph of the Court's opinion which reads:

"The Trial Court has the jurisdiction and the duty to hear the defendant's motion for reconsideration and reduction and to determine whether the support order should be reduced. In making the order complained of, we are unable to say that it abused its discretion."

The plaintiff is not claiming abuse of discretion on the part of the Trial Court, and we found none so that is not too serious, although the plaintiff may be justified in calling the matter to our attention.

The third reason assigned is that the Court did not, in its opinion,

touch upon the question of the defendant coming into Court with unclean hands. The fact that the defendant had been found in contempt of the former order of the Court in that he had not complied with that order does not imply that he, on this last motion, is standing before the Court with unclean hands.

Of course, it was his duty to purge himself of this violation if humanly possible, but he is not to be condemned because he seeks to bring to the Court's attention his incapacity to comply with the Court order. Apparently the Trial Court felt that he was not in Court with unclean hands because, following the contempt order, the Trial Court entirely suspended for one month the operation of the support order.

The second reason assigned for a rehearing relates to the question of whether this last order of $15.00 per week was based on a motion for reconsideration of the former order, or whether it was a new and third consecutive motion, orally made, resulting in said reduction.

Counsel is correct in stating that it was not on the motion for reconsideration, but the order was made on the oral motion made by defendant in open Court on February 9, 1955. We believe it of no consequence whether the motion for reconsideration was stricken from the files and then an oral motion made in open Court for modification, or otherwise, since the Court did act and made an order for reduction to $15.00 per week on that date.

The first reason assigned as grounds for rehearing is the serious and all important one involving the question of whether the case of **Tullis v. Tullis, 138 Oh St 187,** is controlling to the extent that this Court must follow it strictly or whether this case is distinguished from the Tullis case.

Prior to the decision in the Tullis case, it had been uniformly held that the jurisdiction of a divorce court is continuing with respect to an award for support of children notwithstanding the failure to reserve jurisdiction in the decree. **Hoffman v. Hoffman (1864), 15 Oh St 427; Neil v. Neil, 38 Oh St 558; Rogers v. Rogers, 51 Oh St 1; Corbett v. Corbett, 123 Oh St 76; Newkirk v. Newkirk, 129 Oh St 543.**

There are three important pronouncements by our Supreme Court made during the past quarter of a century having direct bearing on this case.

In 1930, in the case of **Corbett v. Corbett (Summit County case), 123 Oh St 76,** the Court held:

"A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself."

In 1941, in the case of **Tullis v. Tullis, 138 Oh St 187** (Wood County), the syllabus reads:

"A decree in a divorce action, unconditionally fixing the amount and method of payment by the husband for the support of a minor child pursuant to and in accordance with a previous contract of separation between the husband and wife providing for complete property settle-

ment and support to their minor child, which contract is specifically approved by the court and made a part of the decree, may not, in the absence of fraud or mistake, be subsequently modified by the court so as to lessen the amount of support for such minor child."

In 1952, in the case of **Seitz v. Seitz, 156 Oh St 516** (Cuyahoga County), the Court holds that jurisdiction is not lost by reason of the fact that the original support order was adjudged in conformity with a contract previously executed by the parties and approved by the Court and incorporated in the decree.

It further holds that the Trial Court retains jurisdiction to modify the order, as changed conditions may require, where in the decree it provides, "Until further order of this Court."

In the Seitz case, the retention clause is present, and that distinguishes that case from the case of Tullis v. Tullis, decided eleven years before. The facts in the two cases are different.

The Seitz case does not hold that the omission of the reservation terminates the jurisdiction and power of the Trial Court to later modify in any respect the decree so entered. It holds that the Trial Court retains jurisdiction to modify the order, where in the decree it adjudges, "Until further order of this Court."

It further holds that jurisdiction is not lost by reason of the fact that the original support order was adjudged in conformity with the amount named in an agreement of separation.

In the Tullis case, the wife relinquished all her rights in consideration of the husband agreeing to support the child, including dower, inheritance, and descent in and to the property of husband's year's support and all claims as widow and, if an order for divorce was instituted, she would not ask for alimony and counsel fees but would ask for support of the daughter only.

In the instant case, the decree reads as follows:

"Now came the parties herein, and thereupon this cause came on regularly for trial on the petition of the plaintiff, the answer of the defendant and upon the evidence. On consideration whereof, the court finds that the defendant has been duly served with summons and a copy of the petition herein.

"The court further finds that the plaintiff, at the time of filing her petition, had been a resident of the State of Ohio for one year next preceding the same, and was at that time a bona fide resident of Franklin County, Ohio, and had resided in Franklin County more than ninety days immediately preceding the filing of her petition.

"The court further finds that the parties hereto were married as set forth in plaintiff's petition and as issue of said marriage, there are two children, Rosemary and Robert.

"The Court further finds upon the evidence adduced that the defendant has been guilty of gross neglect of duty and that by reason thereof the plaintiff is entitled to a divorce as prayed for in her petition. It is therefore ORDERED, ADJUDGED and DECREED by the court that the marriage contract heretofore existing between the said Ada M. Stafford and Velt L. Stafford be and the same hereby is dissolved and both parties are released from the obligations of the same.

"It is by the court further ordered that the custody of the minor children of the parties be and it is hereby awarded to the plaintiff, with reasonable visitation rights to the defendant. It is by the court further ordered that the defendant pay to the plaintiff as and for the support of the minor children, the sum of one hundred fifty dollars ($150.00) per, month, plus poundage, said payments to be made at the rate of seventy-five dollars ($75.00), plus poundage, on the first and on the 15th days of each month, through the office of the cashier of this court, with the first of said payments to be due on the first day of June, 1953.

"**Upon agreement of the parties,** it is by the court further ordered that the plaintiff be and she is hereby awarded as permanent alimony title to the St. Louis property, now jointly owned by both parties. It is therefore by the court ordered that the defendant convey to the plaintiff all of his right, title and interest in and to the St. Louis property, now jointly owned by both parties, and that the defendant turn over to the plaintiff all papers, records, deeds and abstracts which he may have to that property.

"It is by the court further ordered that each of the parties take his and her own personal effects and clothes and that the plaintiff be permitted to take her personal effects now stored on the defendant's farm in Bourbon County, Kansas.

"It is by the court further ordered that the household furnishings and effects of the parties located at 594 South Terrace Avenue be and the same are hereby awarded to the plaintiff, except the bedroom set which previously belonged to the parents of the defendant, the stand-table with the drawers in it, and any other items on which the parties may mutually agree.

"The court further orders that the bonds of the parties now in the possession of the plaintiff be and they are hereby awarded to the plaintiff.

"Upon motion made in open court, it is by the court further ordered that the defendant pay to the plaintiff as additional expense money, the sum of two hundred fifty dollars ($250.00), said sum to be paid through the office of Abraham Gertner, Attorney, 17 South High Street, Columbus 15, Ohio.

"It is by the court further ordered that the plaintiff be and she is divested of any interest by way of dower or otherwise in the Bourbon County, Kansas, farm owned by the defendant.

"It is by the court further ordered that the defendant pay the costs herein."

It is to be observed that there was no agreement between the parties as to support, the agreement pertaining only to alimony.

We conclude, therefore, that the Tullis case does not control nor apply to the facts in the instant case and that, under the rule in the Corbett case, the Court had power to reduce the award.

The application for rehearing made by plaintiff-appellant is denied, and the judgment of the Trial Court is affirmed.

NICHOLS and FESS, JJ, concur.